THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL BOND,              : | |
| :                       | |
| Plaintiff,          :   | |
| :                       | Civil Action |
| v.                  :   | No. 5:04-cv-377 (CAR) |
| :                       | |
| DR. JAMES G. ROCHE,    : | |
| Secretary of the Air Force, : | |
| :                       | |
| Defendant.         :    | |
| _____ :   | |

### *ORDER ON MOTION TO DISMISS*

Before the Court is Defendant's Motion to Dismiss (Doc. 24), in which Defendant contends that Plaintiff's claims of race, sex, and age discrimination are barred by his failure to exhaust administrative remedies and by his previous challenge of Defendant's employment action through negotiated grievance procedures. Plaintiff is proceeding *pro se* in this case. His Complaint alleges that he is a black male who was discharged from his employment at Warner Robins Air Force Base in October 2001 for violation of the Air Force's drug policy "while others who violated the agency drug policy were allowed to remain employed." Complaint, Doc. 1, ¶ 9. Upon review of the arguments of counsel, the allegations of the Complaint, and the undisputed facts in the record, the Court finds that Plaintiff's claims were filed outside the time allowed by Title VII of the Civil Rights Act of 1964 at 42 U.S.C. §§ 2000e-5, 2000e-16, and accompanying regulations, and hereby orders that the case be **DISMISSED**.

1

The untimeliness of Plaintiff's claim is apparent on the face of the Complaint. The Complaint alleges that Plaintiff was discharged in October 2001. It also shows that Plaintiff first filed charges with the Equal Employment Opportunity Commission on January 2, 2003, fourteen months after his discharge. As a jurisdictional prerequisite to filing a Title VII action, a federal employee must first pursue and exhaust administrative remedies. Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). Whether an administrative action is timely, however, is not a jurisdictional matter, but more in the nature of a statute of limitations that can be waived or tolled. Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982); *see also* Grier v. Sec'y of the Army, 799 F.2d 721, 724 (11th Cir. 1986). The administrative regulations governing Title VII claims by federal employees require an aggrieved employee to initiate contact with an agency EEO counselor within 45 days of the effective date of an allegedly discriminatory employment action. 29 C.F.R. § 1614.105(a)(1). Plaintiff's first contact with a counselor occurred long after this time period expired.

Plaintiff has failed to show good cause for tolling the limitations period. The 45-day period for initial contact may be extended if the complaining party shows "that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2); *see also* Baker v. Peters, 145 F. Supp. 2d 1251, 1255 (M.D. Ala. 2000). The limitations period begins to run when "the facts which would support a charge of discrimination are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Sturniolo v. Sheaffer, Eaton, Inc., 15 F.3d 1023,

1025 (11th Cir. 1994). "It is not necessary for a plaintiff to know all the facts that support his claim in order to file a claim." Id.

In his response to Defendant's Motion to Dismiss, Plaintiff alleges that he did not have reason to believe that there was a discriminatory motive for his discharge until a "conversation with a third party who had inside knowledge of Agency's history of racial discrimination through covert and subtle means." Plaintiff's Response, Doc. 27, p. 6. Plaintiff does not identify this third party, nor does he provide any detail about the alleged history of covert and subtle discrimination. He contends that prior to this conversation, he "did not have facts giving rise to a bare suspicion of racial discrimination." Id. Neither in his Complaint nor in his response does he indicate that he was replaced by an employee of a different race, sex, or age, or that others who were treated differently were of a different race, sex, or age. These facts are ordinarily the primary basis for a prima facie case of discrimination. *See, e.g.* Sturniolo, *supra*.

Plaintiff's vague reference to a conversation with an unidentified individual is insufficient to show the Court that the limitations period should be tolled. It is his burden to prove that such tolling is warranted. Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993). In the absence of any detail as to the new facts confided by this mysterious informant, the Court has no way to determine whether those facts should or should not have been apparent to a person with a reasonably prudent regard for his rights. The Court cannot even evaluate whether the alleged informant's statements were themselves sufficient to cause

a reasonably prudent person to suspect discrimination, or were merely the unsupported speculations of a veteran conspiracy theorist.

It is a notable coincidence that Plaintiff's informant appeared only at the unsuccessful conclusion of Plaintiff's numerous challenges through the Air Force's internal procedures. Although there are no affidavits or other evidence in the record to show the history of Plaintiff's challenges, Plaintiff does not challenge the outline set forth by Defendant in his Motion to Dismiss, and concedes the relevant facts.  It is undisputed that Plaintiff was employed under a collective bargaining agreement which permitted him to challenge his discharge through a negotiated grievance procedure.  Following his positive drug screen and prior to his discharge, Plaintiff was given opportunities to contest or explain the results. Plaintiff never denied that he had used marijuana.  He first submitted an affidavit from a relative claiming that he was tricked into eating a marijuana-laced cookie, then later explained that he smoked marijuana after excessive drinking on Memorial Day.  After final notification of his discharge, Plaintiff initiated a timely grievance, which was denied by the Installation Commander.  Plaintiff's union then invoked the arbitration procedure.  The arbitrators affirmed the discharge.  Following the arbitration decision, Plaintiff appealed to the United States Court of Appeals for the Federal Circuit.  This appeal was dismissed on procedural grounds on December 23, 2002.  A little more than a week later, on January 2, 2003, Plaintiff first met with the Agency's EEO counselor and made his first allegation of racial discrimination.

It is clear that the negotiated grievance procedure did not act to toll the limitations period for Plaintiff's discrimination claims. To the contrary, in most cases, Plaintiff's decision to pursue remedies through the negotiated grievance procedure would foreclose any discrimination claims through the statutory procedures of Title VII. A federal employee may challenge alleged discrimination *either* through the negotiated grievance procedure *or* through the statutory procedures, but not through both. 5 U.S.C. § 7121(d); 29 C.F.R. 1614.301(a).[1] It appears from this record that Plaintiff, having failed in his attempts to reverse his discharge through the grievance procedures, is now simply seeking a second chance to obtain a more favorable result. He will not be permitted to do so.

For the reasons set forth above, Defendant's Motion to Dismiss (Doc. 24) is hereby **GRANTED**, and the Clerk of Court is directed to dismiss this case, with prejudice. All other pending motions are hereby dismissed.

**SO ORDERED**, this 9th day of January, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw

---

[1] The Court's decision, however, is based solely upon Plaintiff's failure to initiate his Title VII claims within the applicable limitations period, and not on the "either/or" provisions of 5 U.S.C. § 7121.